IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEBE STUDIO, INC.
CHANEL, INC.
COACH SERVICES, INC.
GUCCI AMERICA, INC.
and PRL USA HOLDINGS, INC.

Plaintiffs

vs                                                                      CIVIL 08-1478CCC

GRAND STORES, CENTRO IMPORT
BLING BLING, RO-MAR DRESSES, INC.
BEBA'S HALLMARK SHOP, PUERTO
RICO DRUGS, RECODO CARIBBEAN
GIFTS, MARIA JUDITH FRANCO-KIOSKO
SOW KIOSKO, SAN JUAN SOUVENIRS
SHANTY, TIENDA ORLIS, OKLIS STORE
TIENDA LA PRINCIPAL, TROPICAL
FASHION, RELOJERIA EL OTRO AMIGO
M & C FANTASIA, OUTLET DE CESAR
ESPAÑOL, FANTASIA Y ALGO MAS
LOLA'S, FOUR SEASONS,
NICOLE ACCESSORIES
SEASONS NOVELTY OUTLET
MUNDO DE LAS FANTASIAS
ENVOLTURA Y ALGO MAS, ANA'S
EXECUTIVE, CASA FUENTES
FARMACIA NUEVA ALIDAS, TIENDA
EVA, M & R JEWELRY, TIMING
JEWELRY, TIENDA SARAH Y CUTE
MEYNAI'S FANTASY, FANTASIA Y ALGO
MAS, AROMAS, MANAR JEAN'S, MR.
SNACK'S PARTY & GIFTS, CIAO,
VIVIAN'S ACCESSORIES, SWATTEE,
KHRISTIBEL, CHULERIAS, TANYNALY,
KHALA ZAPATOS Y CARTERAS, ARLIN
SASTRERIA, JOYERIA SILO, TIENDA
AGNES, EGUI'S BAZAR, TIENDA GISEILY
FASHION, FUN SUNGLASSES, JUNING,
FLORISTERIA CREATIVA, LA CASA DE
LSO PERFUMES, JAKZIEL IMPORTS, K-
LIBRE, EVERYBODY'S FASHION, MIKE
EXCLUSIVE WEAR, and LANERY'S
OUTLET STORE

Defendants

CIVIL 08-1478CCC                         2

## OPINION AND ORDER

Before the Court are plaintiffs' two Motions for Summary Judgment on the Issue of Liability against defendants Envoltura y Algo Mas; Fantasia y Algo Mas; Farmacia Nueva a/k/a Farmacia Nueva Alidas; M&C Fantasia; Tienda La Principal and Sow Kiosko **(docket entry 154)**[1] and defendant Arlin Sastreria **(docket entry 122)** (to be referred to as the "SJ defendants"). Both motions are unopposed.

Th plaintiffs are well known apparel companies, each of which owns or more trademarks. They have pleaded causes against the SJ defendants from trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §1051 et seq. Plaintiffs allege that these defendants have unlawfully engaged in the manufacture, duplication, distribution, sale, or offer for sale of counterfeit merchandise bearing exact copies or colorable duplications of their trademarks. As a result of these alleged activities, plaintiffs filed this action on April 24, 2008. All defendants in this case, except for the SJ defendants, have entered into settlement agreements with the plaintiffs or have been the subject of a default judgment.

The plaintiffs attached copies of their trademark registrations to the complaint. Under federal law, a registered trademark is prima facie evidence of the registrant's exclusive right to use the mark in commerce in connection with the goods or serv ices specified in the certificate of registration. Pic Design Corp. v. Bearings Specialty Co., 436 F.2d 804, 807 (1st Cir. 1971). Plaintiffs have also provided declarations which state that counterfeit merchandise was purchased from the corresponding SJ defendants and that none of them has been authorized to manufacture, sell, distribute, or offer for sale merchandise bearing the plaintiffs' trademarks.

We ordinarily state the facts in a summary judgment context in the light most favorable

---

[1] Originally filed on February 23, 2009 (docket entry 117), the motion was amended and resubmitted on July 6, 2009 (docket entry 154).

CIVIL 08-1478CCC                                  3

to the nonmoving party. See, Cordero-Soto v. Island Finance, Inc., 418 F.3d. 114, 119 (1st Cir. 2005). There are, however, no oppositions to the motions now before us. Local Civil Rule 56(e) requires that in the absence of a opposing statement of contested facts, supported by citations to supporting evidence, the movants' Statement of Uncontested Facts must be taken as true. Fontanez Nunez v. Janssen Ortho LLC, 447 F.3d. 50, 52 (1st Cir. 2006). Having considered the Statement of Uncontested Facts and the corresponding supporting evidence contained in the aggregate exhibits A and B evidence of docket entries 119 and 123, as to each defendant, the Court makes the following findings with regard to the SJ defendants' liability:

Defendant **Envoltura y Algo Mas** is liable for the violation of plaintiff **Coach**'s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **Fantasia y Algo Mas** is liable for the violation of plaintiff **Gucci**'s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **Farmacia Neuva a/k/a Farmacia Nueva Alidas** is liable for the violation of plaintiff **Gucci'**s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **M&C Fantasia** is liable for the violation of plaintiff **Chanel**'s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **Tienda La Principal** is liable for the violation of plaintiff **Coach**'s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **Sow Kiosko** is liable for the violation of plaintiff **Chanel**'s trademarks pursuant to 15 U.S.C.§1114(a).

Defendant **Arlin Sasteria** is liable for the violation of plaintiff **PLA USA Holdings, Inc.'s Polo/Ralph Lauren** trademarks pursuant to 15 U.S.C.§1114(a).

The issue of damages is referred to the Magistrate-Judge for a hearing and report and

CIVIL 08-1478CCC                              4

recommendation.

       SO ORDERED.

       At San Juan, Puerto Rico, on July 17, 2009.


                          S/CARMEN CONSUELO CEREZO
                           United States District Judge